# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES C. NEFF,<br>　　Petitioner, | Case No. 1:19-cv-392 |
| vs. | Cole, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for rape and gross sexual imposition in Clermont County Court of Common Pleas Case No. 00-CR-00404. (Doc. 1).[1] This matter is before the Court on respondent's Motion to Transfer Habeas Petition (Doc. 7) and petitioner's response in opposition (Doc. 8). For the reasons below, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

## BACKGROUND

As set forth above, petitioner challenges his convictions for rape and gross sexual imposition in Clermont County Court of Common Pleas Case No. 00-CR-00404. (Doc. 1, at PageID 1). As grounds for relief, he asserts that: (1) the trial court violated his rights to due

---

[1] In Case No. 00-CR-00404, the trial court sentenced petitioner to an aggregate sentence of twenty years (*see* Doc. 6, Ex. 56, at PageID 462-65; Doc. 6, Ex. 8, at PageID 44), to run consecutively to the sentence imposed in Clermont County Court of Common Pleas Case No. 95-CR-005326, in which petitioner was convicted of attempted felonious sexual penetration and gross sexual imposition (*see* Doc. 6, Ex. 4, at PageID 37; Doc. 6, Ex. 8, at PageID 44). The only judgment at issue in this case is the judgment of conviction in Case No. 00-CR-00404, as petitioner does not challenge the validity of the judgment in Case No. 95-CR-005326 in this action. (*See* Doc. 1, at PageID 1).

process and equal protection when, "[d]espite the controlling language of the legislature," the court "created its own sentence that does not comply with the General Assembly" (Ground One), and (2) the trial court "charged and convicted [him] on three separate [sic] from the same conduct" in violation of double jeopardy protections (Ground Two). (Doc. 1, at PageID 6-8).

However, petitioner has previously sought federal habeas corpus relief challenging the judgment in Case No. 00-CR-00404. In March 2006, petitioner filed in this Court a § 2254 petition for a writ of habeas corpus (his first), challenging the same judgment on the ground that the Ohio Court of Appeals erroneously denied him an appeal without making certain findings required under *State v. Sims*, 272 N.E.2d 87 (Ohio 1971). *See Neff v. Brunsman*, No. 1:06-cv-135 (S.D. Ohio) (Doc. 1). On May 21, 2008, this Court denied the petition as time-barred. *Neff*, No. 1:06-cv-135 (Spiegel, J.; Black, M.J.) (Docs. 20, 29, 30). The Sixth Circuit affirmed the district court's judgment. *Neff v. Brunsman*, No. 08-3814 (6th Cir. Oct. 8, 2009).[2]

## ANALYSIS

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a

---

[2]"Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). Further, it is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (A) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B)(i) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (ii) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"Not all second in time petitions are 'second or successive' petitions." *Picard v. Gray*, No. 1:18-cv-1672, 2018 WL 7888550, at*2 (N.D. Ohio Sept. 28, 2018) (Baughman, M.J.) (quoting *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017)), *adopted*, 2019 WL 1409548 (N.D. Ohio Mar. 28, 2019) (Helmick, J.). "Where a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment, at least as far as it concerns the resentencing, is not a second or successive petition requiring approval from the appeals court." *Id.* (citing *Magwood v.*

3

*Patterson*, 561 U.S. 320, 321 (2010)). However, a *nunc pro tunc* entry that "corrects the judgment entry to make it conform to the sentence pronounced in open court" does not impose a new sentence. *Houston v. Harris*, No. 1:17-cv-218, 2018 WL 1123671, at *4 (S.D. Ohio Mar. 1, 2018) (Merz, M.J.), *adopted*, 2020 WL 38618 (S.D. Ohio Jan. 3, 2020) (Barrett, J.). *See also Mitchell v. Warden*, No. 2:17-CV-419, 2018 WL 3546183, at *1 (S.D. Ohio July 24, 2018) (finding that a petitioner "cannot escape the requirements of 28 U.S.C. § 2244(b)(3) for the filing of a successive habeas corpus petition based on the trial court's issuance of a corrected entry of sentence."); *Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016) (per curiam) ("If the . . . *nunc pro tunc* order merely corrected a record to accurately reflect the court's actions, it would not be a new sentence that resets the statute of limitations."); *In re Stansell*, 828 F.3d at 420 ("When courts use nunc pro tunc entries in this manner—to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records—we do not regard the corrected entries as new judgments for purposes of the second or successive requirements.").

Petitioner seeks to avoid the requirements of § 2244(b) in this action by suggesting in his response to respondent's motion to transfer that the instant federal habeas petition is not successive because the trial court issued an intervening *nunc pro tunc* entry on October 6, 2016, correcting an error regarding post-release-control that was contained in his sentencing entry, dated January 10, 2001. (*See* Doc. 8, at PageID 485-86 (containing petitioner's response in opposition); *see also* Doc. 6, Ex. 8, at PageID 42-45 (containing copy of initial sentencing entry); Doc. 6, Ex. 47, at PageID 358 (containing copy of trial court's docket sheets)). However, as respondent asserts, the 2016 *nunc pro tunc* entry was not a new judgment; it merely corrected clerical errors in the 2001 sentencing entry to make it conform to the sentence entered by the trial

4

court at petitioner's November 30, 2000 sentencing hearing. (Doc. 7, at PageID 475-76, 479, 482 (citing to the record)). *See Houston*, 2018 WL 1123671, at *4; *Crangle*, 838 F.3d at 680.

During petitioner's November 30, 2000 sentencing hearing, the trial court notified petitioner that as part of his sentence he would be subject to a mandatory term of post-release control for five years. (*See* Doc. 6, Ex. 56, at PageID 465). However, the January 10, 2001 sentencing entry erroneously stated that the mandatory post-release control term was "up to a maximum of five (5) years" and, later, was a "maximum three years." (Doc. 6, Ex. 8, at PageID 45). The October 6, 2016, *nunc pro tunc* entry corrected the January 10, 2001 sentencing entry by stating that "post-release control is mandatory in this case for a term of five (5) years" and removing the erroneous "up to a maximum of five (5) years" and "maximum three years" language, to reflect the trial court's advisements at the sentencing hearing regarding the mandatory five-year term of post-release control. (Doc. 6, Ex. 34, at PageID 246-47). The *nunc pro tunc* entry did not change petitioner's convictions or sentence imposed for the underlying criminal offenses.

Accordingly, the undersigned concludes that petitioner's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition was adjudicated on the merits[3] and petitioner is not contesting any "new judgment" in this proceeding. To the extent that petitioner's claims were raised in his prior petition, they are successive. *See* 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to posit a new claim

---

[3]"When a prior petition is dismissed on the basis of the statute of limitations, it is a decision on the merits, rendering a subsequent application second or successive." *Sherman v. Sims*, No. 14-07-GFVT, 2014 WL 6850769, at *3 (E.D. Ky. Dec. 3, 2014) (citing *Warren v. Burt*, No. 1:13-cv-570, 2013 WL 3014161, at *2 (W.D. Mich. June 17, 2013)). *See also In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding that "where the statute of limitations has run" the dismissal is "on the merits").

that was not asserted in his prior petition, the claim is still successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual basis for the claim could not have been discovered previously through the exercise of due diligence, **and** such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.[4]

Because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4,

---

[4]Petitioner may contend that his habeas corpus petition is not second or successive to the extent that he challenges in Ground One the trial court's issuance of the October 6, 2016 *nunc pro tunc* entry and thus is asserting a claim that was not previously available to him. However, although Ground One is captioned in terms of federal due process and equal protection challenges, it is based solely on alleged violations of Ohio law and thus is not cognizable on federal habeas review. (*See* Doc. 1, at PageID 6). A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). *Cf. Bennett v. Turner*, No. 1:12-cv-489, 2013 WL 557013, at *3 (N.D. Ohio Jan. 23, 2013) (Knepp, II, J.) (rejecting the petitioner's attempt to cast his claim of sentencing error under Ohio law "in constitutional terms by stating his 'sentence was not given according to due process and equal protection'"), *adopted*, 2013 WL 518704 (N.D. Ohio Feb. 12, 2013) (Zouhary, J.).

2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), the petition be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief.

<pre>                                        <u>*s/Stephanie K. Bowman*</u>
                                        Stephanie K. Bowman
                                        United States Magistrate Judge</pre>

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES C. NEFF,<br>    Petitioner, | Case No. 1:19-cv-392 |
| vs. | Cole, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981The undersigned thus concludes that this is a successive petition.