# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**JAMES C. NEFF,**

    **Petitioner,**

v.

**WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,**

    **Respondent.**

Case No. 1:19-cv-392
JUDGE DOUGLAS R. COLE
Magistrate Judge Stephanie Bowman

## OPINION & ORDER

This cause comes before the Court on James C. Neff's Objection (Doc. 14) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 10) suggesting that the Court transfer to the Sixth Circuit Neff's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) as a second or successive petition. For the reasons below, the Court **OVERRULES** Neff's Objection (Doc. 14), **ADOPTS** the Magistrate Judge's R&R (Doc. 10), and **TRANSFERS** Neff's Petition (Doc. 1) to the Sixth Circuit for authorization as a second or successive petition.

## BACKGROUND

On February 6, 1996, the Clermont County Court of Common Pleas sentenced Neff to incarceration of four to fifteen years for Attempted Felonious Sexual Penetration and eighteen months for Gross Sexual Imposition, to run consecutively. (State Record, Ex. 3, Doc. 6, #33–35). On that same day and after "considering the nature and circumstances of the offense and the history, character, and condition of the offender," however, the court suspended Neff's sentence for

Attempted Felonious Sexual Penetration and instead ordered Neff to serve a term of three to five years on probation, which would begin after he completed his eighteen-month sentence for Gross Sexual Imposition. (*Id.* at 1-2, #33–34).

Less than five years later, on August 30, 2000, a Clermont County grand jury executed a five-count indictment against Neff in a new case—Case No. 00-CR-404—charging him with two counts of Rape and three counts of Gross Sexual Imposition. (*Id.*, Ex. 5, #38–39). About two months after, on October 25, 2000, Neff pled guilty to one count of Rape (in the first-degree) and two counts of Gross Sexual Imposition (both in the third-degree). (*Id.*, Ex. 6, #40). The prosecuting attorney dismissed the other two counts. (*Id.*).

Neff then appeared before the Clermont County Court of Common Pleas about a month later, on November 30, 2000, for a hearing to revoke his probation in Case No. 96-CR-5326 because, based on Neff's admission (likely his guilty plea in Case No. 00-CR-404) and evidence collected by the Clermont County Probation Department, Neff had violated the terms of his probation in the earlier case. (*Id.*, Ex. 4, #36–37). At that hearing, the court revoked Neff's probation and ordered him to serve his previously imposed-but-suspended consecutive sentences of (1) four to fifteen years and (2) eighteen months. (*Id.*, #37). (Apparently Neff had not served the eighteen-month sentence in 1996 and 1997 that the court had ordered on February 6, 1996. (*Compare* Ex. 3, #33–35, *with* Ex. 4, #36–37).)

Thereafter, in Case No. 00-CR-404, the court sentenced Neff to ten years for the Rape conviction, five years for the first Gross Sexual Imposition conviction, and

five years for the second Gross Sexual Imposition conviction, to run consecutively to one another *and* to Neff's sentence in Case No. 95-CR-5326. (*Id.*, Ex. 8 at 3, #44). At that hearing, the court notified Neff that, for the crimes he pled guilty to, "supervision by the Adult Parole Authorities is mandatory for a period of five years." (*Id.*, Ex. 56, #465). But the court then wrote in its January 10, 2001 judgment that the mandatory post-release control was "*up to a maximum of* five (5) years," and, later, a "maximum three years." (*Id.*, Ex. 8 at 4, #45).

Beginning on August 29, 2002, Neff attempted to appeal the judgments in both his cases by requesting the Clermont County Clerk of Courts to provide to him the relevant documents and transcripts and permit him to appeal without paying the requisite filing fee. (*Id.*, Exs. 9, 10, #46–47). Based on the State Record, Neff next sent a letter on November 10, 2004, to the judge that presided over Case No. 00-CR-404 requesting that the court appoint him counsel for his appeal. (*Id.*, Ex. 11, #48). The court construed the letter to be a motion for appointment of counsel, which, on February 1, 2005, it denied because, given that Neff's prospective appeal qualified as a "delayed appeal" that required a court's leave before filing and because Neff had no right to counsel as that right does not exist until such leave is obtained. (*Id.*, Ex. 12, #49).

Neff then filed a Notice of Appeal to the Twelfth District Court of Appeals on June 16, 2005, seeking review of the Clermont County Court of Common Pleas' sentence and judgment entered on October 25, 2000, in Case No. 00-CR-404. (*Id.*, Ex. 13, #54–60). The same day, Neff also filed a Motion for Leave to File a Delayed

Appeal to the Twelfth District. (*Id.*, Ex. 14, #61–65). That motion became ripe on July 13, 2005. (*See id*, Exs. 15, 16, #66–70). Within a month (on August 4, 2005, to be exact), the Twelfth District denied Neff's Motion for Leave to File a Delayed Appeal. (*Id.*, Ex. 17, #71). Fifteen days later—on August 19, 2005, Neff moved the court to reconsider its denial. (*Id.*, Ex. 18, #72–75). Then, on September 22, 2005, the Twelfth District denied Neff's Motion to Reconsider as time-barred since the deadline for filing such requests is ten days after the court files the underlying order, and thus Neff had filed his Motion five days too late. (*Id.*, Ex. 20, #79).

On September 5, 2005, thirty days after the Twelfth District denied Neff's Motion for Leave to File a Delayed Appeal (but before that court ruled on his Motion to Reconsider), Neff filed a Memorandum in Support of Jurisdiction to the Supreme Court of Ohio. (*Id.*, Ex. 21, #80–97). That Court denied exercising jurisdiction over Neff's appeal on December 14, 2005. (*Id.*, Ex. 23, #106).

About three months later, in March 2006, Neff filed in this Court a federal habeas petition under § 2254 challenging the trial court's sentence and judgment in his second criminal case, i.e., Case No. 00-CR-404. (*Id.*, Ex. 24, #107–29). On May 21, 2008, the Court denied Neff's petition as time-barred. (*See id.*, Ex. 26, #147–54). After Neff appealed that denial, the Sixth Circuit affirmed the district court's judgment on October 8, 2009. (*Id.*, Ex. 27, #155–59).

Over six years later, on March 31, 2016, Neff filed a "Void Motion for Re-Sentencing Based Upon A Void Judgment" with the Clermont County Court of Common Pleas in Case No. 00-CR-404. (*Id.*, Ex. 28, #160–94). Neff argued that the

4

court's clerical errors at the November 30, 2000 sentencing hearing voided its related judgment. More specifically, Neff contended that, because the court told Neff at the hearing that "[a] period of supervision by the Adult Parole Authorities is mandatory for a period of five years," but then wrote in its judgment that "post-release control is mandatory in this case *up to a maximum of* five (5) years," and a "maximum three years," the judgment is contrary to law and void. (*Id.*). Construing Neff's filing as a motion for postconviction relief under Ohio Revised Code § 2953.21, the trial court issued an order on October 5, 2016, that acknowledged the sentencing entry's clerical errors but denied Neff postconviction relief since the proper remedy for such errors is a *nunc pro tunc* entry, not a modification to an otherwise valid sentence. (*Id.*, Ex. 31 at 11–17, #225–31). The court then corrected the errors with its own *nunc pro tunc* entry, which stated that "post-release control is mandatory in this case for a term of five (5) years" and removing the erroneous "maximum" excerpts. (*Id.* at 17, #231). Neff did not appeal.

Instead, six months after, on April 5, 2017, Neff filed in the same trial court a Motion to Correct Sentence, which repeated the arguments he had raised in his "Void Motion for Resentencing." (*Id.*, Ex. 35, # 267–70). On August 11, 2017, the court again construed Neff's motion to be a petition for postconviction relief, which it then denied as being barred by the applicable filing deadlines and *res judicata*. (*Id.*, Ex. 37, #281–92). Seventeen days later, on August 28, 2017, Neff filed a Notice of Appeal to the Twelfth District, (*Id.*, Ex. 38, #293–306), and then filed his Brief on November 1, 2017. (*Id.*, Ex. 39, #307–12). The Twelfth District affirmed the

5

Clermont County Court of Common Pleas on March 5, 2018, finding that Neff had waived the issues he then raised by failing to appeal the trial court's adoption of the *nunc pro tunc* entry and that, even if he had properly appealed, his argument was barred by *res judicata* since he failed to present any evidence outside the record to support his claim. (*Id.*, Ex. 42 at 2–3, #333–34).

Neff timely filed his Notice of Appeal and Memorandum in Support of Jurisdiction to the Supreme Court of Ohio on March 21, 2018. (*Id.*, Exs. 43, 44, #335–44). The Supreme Court declined to exercise jurisdiction of Neff's appeal on June 6, 2018. (*Id.*, Ex. 45, #349).

More than fourteen months later, on May 24, 2019, Neff filed the Petition for Writ of Habeas Corpus Under § 2254 (Doc. 1) currently before the Court. When Respondent Warden of the Chillicothe Correctional Institution ("Warden") filed Neff's State Record (Doc. 6) on August 23, 2019, he simultaneously moved to transfer this action to the Sixth Circuit as a "second or successive" petition—as defined by 28 U.S.C. § 2244(b)(3)(A). Addressing that issue in the R&R (Doc. 10), the Magistrate Judge concluded that Neff's Petition here is a second or successive petition because the state trial court's October 16, 2016 *nunc pro tunc* entry was not a new judgment and merely corrected clerical errors in the January 10, 2001 sentencing entry. The Magistrate Judge concluded that, as a second or successive petition, the Court lacks jurisdiction over this matter. Accordingly, the Magistrate Judge recommends that the Court transfer Neff's Petition to the Sixth Circuit. (*See*

*id.*). Neff timely objected to the R&R arguing that his Petition does not qualify as a second or successive petition.

## LEGAL STANDARD

If a party objects to a report and recommendation within the allotted time, the district court must review de novo any portion of the magistrate judge's report "that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Here, the petitioner is proceeding pro se. While a pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## LAW & ANALYSIS

"The Antiterrorism and Effective Death Penalty Act limits the authority of the federal courts to grant relief to individuals who previously filed a habeas petition." *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b); *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). The Act requires a petitioner challenging state court judgments to seek a federal appeals court's authorization before filing a "second or successive application" in district court. 28 U.S.C. § 2244(b)(3)(A).

"A claim presented in a second or successive habeas corpus application … that was presented in a prior application shall be dismissed." *Id.* § 2244(b)(1). "A claim presented in a second or successive habeas corpus application … that was *not*

presented in a prior application shall be dismissed unless" one of two exceptions applies. *Id.* § 2244(b)(2) (emphasis added). The first exception covers claims based on "a new constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244(b)(2)(A). The second covers claims based on newly presented facts that "could not have been discovered previously through the exercise of due diligence" and that "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(B).

Neff argues that, although he has already filed a federal habeas application regarding the underlying state case (00-CR-404), his Petition here is not a "second or successive habeas corpus application." He argues that in his case, as in *Stansell* (cited above), the state trial court resentenced him, and that accordingly his petition challenging the new sentence constitutes a new habeas petition. Neff's argument lacks merit.

To his credit, it is true that "[w]here a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment, at least as far as it concerns the resentencing, is not a second or successive petition requiring approval from the appeals court." *Magwood v. Patterson*, 561 U.S. 320, 321 (2010). But not every adjustment to an existing sentencing order qualifies as a new judgment. For example, when courts use *nunc pro tunc* entries "to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records,"

8

the corrected entries are not "new judgments for purposes of the second or successive requirements." *In re Stansell*, 828 F.3d at 420. And that makes sense. The new entry does not reflect a new sentence, but merely a correct reflection of the existing sentence.

That is precisely what happened here. The October 6, 2016 *nunc pro tunc* entry corrected an error on the January 10, 2001 judgment so that it was consistent with what the law requires and, significantly, with what the sentencing judge ordered on the record at Neff's November 30, 2000 sentencing hearing. Thus, the October 6, 2016 *nunc pro tunc* "entry simply corrected the court's records to correspond to the sentence announced at the [sentencing] hearing." *In re Stansell*, 828 F.3d at 420. The Sixth Circuit "do[es] not regard the corrected entries as new judgments for purposes of the second or successive requirements." *Id.*

Accordingly, Neff's Petition is a "second or successive" application. To the extent that the Petition raises the same claims he brought in his March 2006 federal habeas application, 28 U.S.C. § 2244(b)(1) bars them as successive. To the extent Neff's Petition instead asserts new claims not included in his previous petition, 28 U.S.C. § 2244(b)(2) bars them as Neff does not argue that any exceptions apply. Either way, the Court lacks jurisdiction to consider the claims in Neff's second or successive Petition. Instead, when a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining the Court of Appeals' authorization, the district court must transfer the case to the

9

Sixth Circuit for consideration as required by 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). That is what the Court will do.

## CONCLUSION

For the reasons above, the Court **OVERRULES** Neff's Objection (Doc. 14), **ADOPTS** the Magistrate Judge's R&R (Doc. 10), and **TRANSFERS** Neff's Petition (Doc. 1) to the Sixth Circuit as a second or successive petition.

**SO ORDERED.**

March 24, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**